OPINION
Defendant-appellant, Eric Whatley, appeals from the December 22, 1999 judgment of conviction of the Franklin County Court of Common Pleas finding him guilty of two counts of felonious assault with a firearm specification and one count of having a weapon under disability. For the reasons that follow, we affirm the judgment of the trial court.
On June 23, 1999, appellant was indicted by the Franklin County Grand Jury on a three-count indictment. The charges stemmed from an incident at a gas station on East Broad Street in Columbus, Ohio, popularly known as "Duke's." At approximately one o'clock in the morning on February 10, 1999, Iman Alexander, Tonio Galloway, Lashanna Revels, and Ricky Whiting stopped at the gas station to purchase soda pop and cigars. Appellant and another man, "G. Rick," pulled up and, after a short conversation, appellant produced a handgun and allegedly shot Alexander and Galloway. Counts 1 and 2 of the indictment charged appellant with felonious assault against Alexander and Galloway. Count three charged appellant with having a weapon under disability. All three counts included a three-year firearm specification. In addition, counts one and two included specifications that appellant was a repeat violent offender, and count three contained a repeat violent offender specification alleging that appellant had previously been convicted of felonious assault in 1997.
The case went to trial in December 1999. The jury found appellant guilty of the felonious assault charges and the accompanying firearm specifications. The weapon under disability charge and the repeat violent offender specifications were tried to the court, and the trial court found appellant guilty of the remainder of the indictment. On December 22, 1999, the trial court sentenced appellant to a term of imprisonment. This appeal timely followed.
On appeal, appellant asserts a single assignment of error, as follows:
 The trial court erred when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction.
Although appellant formulates his single assignment of error as a sufficiency issue, he also argues the verdict was against the manifest weight of the evidence. Accordingly, we shall address both issues.
Sufficiency of the evidence is the legal standard applied to determine whether a case should have gone to the jury. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.Thompkins, supra, at 387. In so doing, the court of appeals sits as a "thirteenth juror" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Id. (quoting State v. Martin [1983], 20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, at 387.
In order to be convicted of felonious assault, the state was required to prove that appellant knowingly caused serious physical harm to Alexander and Galloway, or that he caused or attempted to cause physical harm to Alexander and Galloway by means of a deadly weapon. R.C. 2903.11. Appellant argues that the evidence presented against him by the victims, Alexander and Galloway, and their friend, Revels, was both inconsistent and lacking in credibility. The alleged inconsistencies and credibility problems may be summarized as follows.
All three witnesses testified that a month or so prior to the shooting, appellant had been in a verbal and physical altercation with one of the victims, Iman Alexander. After the fight, Alexander called her boyfriend, Shawnee, who came to the scene. Lashanna Revels testified that appellant had left the scene by the time Shawnee arrived. (Tr. 83.) However, Alexander testified that appellant was present when Shawnee arrived, and that appellant and Shawnee got into a fight. (Tr. 164, 183.)
Next, appellant argues the testimony was inconsistent regarding the events of the day leading up to the shooting. The witnesses' accounts of who picked up whom differed. In addition, Revels testified that she and her friends did not go to the Riverfront earlier that evening. (Tr. 90.) However, Galloway and Alexander testified they had been drinking and smoking marijuana at the Riverfront. Revels, Galloway and Alexander all agreed, however, that Revels was not drinking or smoking that night because she was driving. (Tr. 53, 109, 158.)
Appellant next claims that the testimony was inconsistent regarding a car that pulled onto the parking lot of Duke's prior to the shooting. Galloway testified that he thought there were two people in the car and that Ricky Whiting and Lashanna Revels talked to them. (Tr. 139-140.) At one point, Revels testified there were four people in the car, two males and two females. (Tr. 91-92.) However, a review of the record reveals that she too testified, "I knew the two people in the car." (Tr. 53.) Alexander recalled a male driver, "Andre," that she knew from school, and two girls in the car. (Tr. 191.)
When the shooting occurred, Lashanna Revels and Ricky Whiting ran across the street to the Red Cross building. Shortly thereafter, Revels returned to the scene to help her friends. Revels testified that she helped Alexander from the ground to the car and that she turned Galloway onto his side. (Tr. 63-64.) Appellant argues that Revels' testimony lacks credibility because a police officer that responded testified that he assisted Alexander to the car and frisked Galloway. Only then, according to the officer, did Revels come running across the street from the Red Cross building to the gas station. Galloway, however, remembered Revels' returning and turning him on his side. (Tr. 123.)
Finally, appellant argues Galloway and Alexander were impaired from drinking and smoking marijuana.
As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [Statev.] DeHass [(1967), 10 Ohio St.2d 230], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported. It was within the province of the jury and the trial court to make the credibility decisions in this case. See Statev. Lakes (1964), 120 Ohio App. 213, 217 ("it is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness").
Here, we agree that the testimony of Revels, Alexander and Galloway differed in some respects. However, some of the alleged inconsistencies may be reconciled, and it was within the province of the jury to do so. Others concern collateral matters, and the jury was entitled to afford them little weight. Finally, on the key points, the witnesses' testimony was consistent.
Revels did not recall the fight between Alexander's boyfriend, Shawnee, and appellant. However, at another point in her testimony she acknowledged that such a fight had taken place. (Tr. 59.) Nor did Revels recall going to the Riverfront that evening. The testimony of the witnesses also differed concerning who obtained the Cadillac they were driving around in on the evening of the shooting. Revels' testimony that she assisted her friends after the shooting is not necessarily inconsistent with the testimony of the police officer. Nor is the officer's testimony more credible than that of Revels. When there is conflicting testimony, it is the function of the jury to weigh the evidence and assess the credibility of the witnesses. Jenks, supra,
paragraph two of the syllabus.
In sum, while there may have been some confusion about the events prior to and subsequent to the shooting, there was no inconsistency regarding the identity of the gunman. On the key points of the shooting, the witnesses' testimony was consistent. Revels sensed trouble and tried to get Alexander back in the car. (Tr. 80.) Revels saw appellant pull out the gun, cock it, and point it straight at Galloway. (Tr. 56, 59-60.) She heard gunfire. (Tr. 59.) Revels provided appellant's first name to the police and positively identified him in a photo array a couple of hours later. Revels had not been drinking or smoking marijuana that night, and had 20/20 vision. (Tr. 52, 97, 109, 158.) Galloway and Alexander had been drinking and smoking, but were still able to corroborate Revels' testimony in all crucial respects. Galloway saw the gunman cock the gun, point it at him and start shooting. (Tr. 116-118.) Galloway identified appellant in court as the gunman. (Tr. 154.) Alexander exchanged words with appellant. (Tr. 165.) She saw appellant point a gun at Galloway, cock it and fire it. (Tr. 165, 167.) She heard shots and saw Galloway fall. (Tr. 165.) Appellant then pointed the gun at her and shot her. (Tr. 165.)
After a thorough review of the record, appellant has not shown that the evidence was insufficient or that the jury lost its way. The assignment of error is not well-taken. Accordingly, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and DESHLER, JJ., concur.